(17 Misc. Rep. 373)

MARINELLI v. FERRAND.

(Supreme Court, Appellate Term, First Department.  June 22, 1896.)

EVIDENCE—WEIGHT AND SUFFICIENCY.

    A judgment for plaintiff cannot be sustained where it is supported only by his own testimony, which is impeached by proof of contradictory statements made by him on a former trial, and directly contradicted by defendant.

Appeal from First district court.

Action by Louis Marinelli against Nelson A. Ferrand.  Judgment was entered in favor of plaintiff for $87.40, damages and costs, and defendant appeals.  Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. G. Macy, for appellant.

R. L. Turk, for respondent.

DALY, P. J.  This judgment was rendered upon a second trial of the action.  The judgment upon the first trial was reversed for error in ruling as to evidence. 36 N. Y. Supp. 1128. The action was begun June 20, 1895, to recover $63 for work as a tailor on nine coats, between November 20, and December 11, 1893.  The dispute in the case was as to the alleged employment by defendant.  In the district court, as in other courts of law, the plaintiff, where his cause of action is denied, must maintain it by a preponderance of proof.  If he does not, he must fail, and the defendant is entitled to judgment.  Where the claim of the plaintiff rests upon his unsupported testimony, and is met by the positive denial of the defendant, so that the case presented is merely that of oath against oath, there is no preponderance, and the burden of the plaintiff is not sustained.  The case is still worse for him if the value of his testimony is affected by his prior contradictory statements, especially if made under oath upon a former trial.  A judgment given upon evidence so impeached ought not to stand.  Such is the case here.  In the month of June, 1895, the plaintiff commenced an action against the defendant in the Second district court on the claim now presented.  He was examined in his own behalf, and testified that he never saw or spoke to the defendant.  Upon that testimony the action was discontinued by consent.  A month afterwards this action was commenced in another court,—the First district,—and the plaintiff, being examined again on his own behalf, testified that he applied to the defendant for work, had a conversation with him, was made by him to sign his name in a book, was given by him a coat to make, and afterwards received from the defendant personally all the work now sued for, and a portion of the part payment on it.  The plaintiff is contra-

dicted by the defendant and by his witness Brockington. It appears that Brockington, or his wife, was the proprietor of the establishment for which the plaintiff worked, except for a few months, when defendant was the owner of it by purchase from them; but it was sold back to Brockington several months before the work now sued for was done. The probabilities are all in favor of the truth of the plaintiff's statement upon the first trial that he never saw or spoke to defendant, and that his transactions were with Brockington. His first explanation on one trial of his self-contradiction that he did not understand the questions put to him, and his subsequent explanation on another trial that he was ill, are not satisfactory. In view of the positive denials of defendant and Brockington, the judgment cannot be sustained. On the last trial plaintiff produced a witness to corroborate him by testifying as to defendant's personal connection with the business; but the witness located the occurrences he spoke of at an establishment different from the place of business at which it is conceded that the plaintiff worked when he performed the labor for which this action is brought.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.